**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Case No. 11-20551

ADELFO PAMATMAT (D-18),

    Defendant.

                                                 /

**OPINION AND ORDER DENYING MOTION TO DISMISS INDICTMENT**

On March 23, 2013, the government filed a Second Superseding Indictment (Dkt. # 189) charging Defendant Adelfo Pamatmat and others with (1) conspiracy to distribute and possess with intent to distribute controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 846 ("Count 1") and (2) health care fraud conspiracy in violation of 18 U.S.C. §§ 1347, 1349 ("Count 2"). The indictment contains eleven additional counts charging defendants other than Pamatmat. Pamatmat moves to dismiss Counts One and Two on the following grounds: (1) Counts 1 and 2 fail to inform Pamatmat of the specific acts that he performed in furtherance of the conspiracy, with whom he conspired to commit the acts, and the lengths of time Pamatmat engaged in the conspiracy and (2) Counts 1 and 2 charge multiple conspiracies and are duplicitous. (Dkt. # 853, Pg. ID 3684-85.) The government filed a response, arguing that, "[s]ince the indictment is legally sufficient, is not duplicitous, and does not include two conspiracy charges within a single count, the defendant's motion should be denied." (Dkt. # 944, Pg. ID 4364.) For the reasons stated below, the motion will be denied.

## I. The Indictment

Count 1 of the indictment alleges that, from January 2008 "continuing as to some conspirators until on or about the date of this indictment," Pamatmat and forty other defendants conspired with each other "as well as other persons not named in this Indictment" to distribute and possess with intent to distribute controlled substances including oxycodone, oxymorphone, Viccodin, hydrocone bitartrate, and Alprazolam. (Dkt. # 189, Pg. ID 841-43.)

Count 2 alleges that from January 2008 "continuing as to some conspirators until on or about the date of this indictment," Pamatmat, thirty-one other defendants, and "others[] both known and unknown to the Grand Jury" conspired to defraud a health care benefit program affecting commerce. (*Id.* at 843-45.) Count 2 further alleges that (1) the defendants and others unlawfully enriched themselves by submitting false claims to Medicare, Medicaid, and private insurers; (2) paying kickbacks and bribes to Medicare and Medicaid beneficiaries in order to use their beneficiary numbers for the basis of the fraudulent claims; (3) receiving kickbacks and bribes for arranging the furnishing of services for which payment may be made by Medicare and Medicaid; (4) concealing the submission of fraudulent claims to Medicare, Medicaid, and private insurers, the rexiept and transfer of proceeds from the fraud, and the payment of kickbacks; and (5) divesting proceeds of the fraud for the personal benefit of the defendants and their co-conspirators. (*Id.* at 845.)

## II. Standard

Under the Federal Rules of Criminal Procedure, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). For an indictment to be constitutional, "first, the indictment must set out all of the elements of the charged offense and must give notice to the defendant of the charges he faces; second, the indictment must be sufficiently specific to enable the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the same facts." *United States v. Martinez*, 981 F.2d 86, 872 (6th Cir. 1992) (citing *Russell v. United States*, 369 U.S. 749, 763-64 (1962)).

## III. DISCUSSION

### A. The Indictment Adequately Informs Pamatmat of the Charges Against Him

#### 1. Count 1

Pamatmat alleges that Count 1 is deficient because it does not apprise him of the "acts he engaged in to constitute being an alleged co-conspirator, what acts were entered into by Dr. Pamatmat that showed a conspiracy was willfully formed and with whom and what specific acts were committed by Dr. Pamatmat in furtherance of the conspiracy." (Dkt. # 853, Pg. ID 3688.) The Sixth Circuit has held, however, that "[a]n overt act . . . need not be charged in a § 846 conspiracy." *United States v. Dempsey*, 733 F.2d 392, 396 (6th Cir. 1984) (citation omitted) (explaining that "[o]ur holding that it was not necessary to charge an overt act is based on the conclusion that in enacting 21 U.S.C. § 846 Congress intended to make the conspiracy itself a complete offense.").

3

Section 846 provides, "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846.  Section 841(a)(1) states, "[I]t shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance . . . ." 21 U.S.C. § 841(a)(1).  "The essential elements of conspiracy are that the conspiracy was willfully formed and that the defendant willfully became a member of the conspiracy." *United States v. Bourjaily*, 781 F.2d 539, 544 (6th Cir. 1986).  These essential elements are included in Count 1.  Count 1 alleges that Pamatmat and others (1) intentionally and knowingly (2) conspired (3) to distribute and possess with intent to distribute (4) certain enumerated controlled substances. (Dkt. # 189, Pg. ID 842.)  These allegations mirror §§ 841(a)(1) and 846, and  "an indictment that recites statutory language in describing the offense is generally sufficient . . . ." *United States v. Hudson*, 491 F.2d 590, 593 (6th Cir. 2007) (internal quotation marks omitted).  The fact that Count 1 does not allege the specific acts that Pamatmat engaged in to join the conspiracy and in furtherance of the conspiracy was not render Count 1 infirm because Count 1 informs Pamatmat of the essential elements of the charge against him.

Pamatmat also challenges Count 1 on the ground that the indictment does not "indicate with any specificity or particularity when Dr. Pamatmat became involved in the conspiracy and the duration of his involvement in the conspiracy." (Dkt. # 853, Pg. ID 3689.)  Parmatmat argues that, because the indictment does not provide specific dates for his involvement in the conspiracy, he cannot adequately prepare a defense, and he

4

will lose his Sixth Amendment protection against double jeopardy. Pamatmat's argument falls short in both respects.

"Courts have found indictments insufficient where they are open-ended as to both beginning and end dates, but sufficient where they fix the end of the conspiracy and provide an approximate start date." *United States v. Vassar*, 346 F. App'x 17, 19-20 (6th Cir. 2009). Count 1 states that the conspiracy began on or about January 2008 and continued "as to some conspirators" until on or about the date of the indictment, which was filed on March 20, 2013. (*Id.* at 842.) Therefore, Count 1 is not open ended, but rather presents approximate dates for the duration of the conspiracy which enable Pamatmat to prepare for trial and provide double jeopardy protection against charges for the same conspiracy covering the dates described in the count. Moreover, "that conspiracy indictments typically charge 'others known or unknown to the grand jury' . . . does not render an indictment unconstitutionally vague." *Id.* (quoting *Untied States v. Pingleton*, 216 F. App'x 526, 529 (6th Cir. 2007)).

### 2. Count 2

Pamatmat further contends that Count 2 is deficient because it does not inform him of "the acts he engaged in to constitute being an alleged co-conspirator, what acts were entered into by Dr. Pamatmat that show a conspiracy was willfully formed and with whom and what specific acts were committed by Dr. Pamatmat in furtherance of the conspiracy." (Dkt. # 853, Pg. ID 3688.) Likewise, he claims Count 2 is deficient because it does not apprise him of the specific time period during which he engaged in the alleged conspiracy.

Count 2 alleges a conspiracy in violation of 18 U.S.C. §§ 1347 and 1349. Section 1349 provides, "Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." Section 1347 makes it unlawful to

> knowingly and willfully executes, or attempts to execute, a scheme or artifice (1) to defraud any health care benefit program; or (2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program, in connection with the delivery of or payment for health care benefits, items, or services.

18 U.S.C. § 1347.

The essential elements of § 1349 conspiracy are "(1) two or more persons agreed to commit fraud; (2) the defendant knew the unlawful purpose of the agreement; and (3) the defendant joined the agreement with the intent to further the unlawful purpose." *United States v. Beacham*, 774 F.3d 267, 272 (5th Cir. 2014). To violate § 1347, the defendant must "(1) execute[] a scheme or artifice to defraud a health care benefit program in connection with the delivery of or payment for health care benefits, items, or services; (2) . . . act[] knowingly and willfully with a specific intent to defraud; and (3) the scheme to defraud [must] employ[] false representations." *United States v. Garcia*, 432 F. App'x 318, 322 (5th Cir. 2011). The indictment alleges all of the essential elements of a health care fraud conspiracy. It states that, "beginning on or about January, 2008, and continuing as to some conspirators until on or about the date of this indictment," Pamatmat and others (1) willfully, with the specific intent to further the object of the conspiracy, and knowingly," (2) conspired and agreed with others (3)

6

"to execute and scheme and artifice to defraud a health care benefit program affecting commerce" (4) "by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program" (5) "in connection with the delivery of and payment of health care benefits, items, and services."  (Dkt. # 189, 844-45.)  Furthermore, the indictment alleges that "[i]t was the purpose of the conspiracy for the defendants and others to unlawfully enrich themselves by:"

> (a) submitting false and fraudulent claims to Medicare, Medicaid, and private insurers for prescription medication, physician office visits, physician home visits, and other services; (b) offering and paying kickbacks and bribes to Medicare and Medicaid beneficiaries for the purpose of such beneficiaries arranging for the use of their Medicare and Medicaid beneficiary numbers by the conspirators as the bases of claims filed for prescription medication and other services; (c) soliciting and receiving kickbacks and bribes in return for arranging for the furnishing of services for which payment may be made by Medicare and Medicaid by providing their Medicare and Medicaid beneficiary numbers . . . ; (d) concealing the submission of false and fraudulent claims . . . , the receipt and transfer of th proceeds from the fraud, and the payment of kickbacks; and (e) diverting proceeds of the fraud for the personal use and benefit of the defendants and their co-conspirators.

(Dkt. # 189, Pg. ID 845.)

Count 2 informs Pamatmat of the charge against him with sufficient specificity and particularity for him to prepare an adequate defense and to make "evident to what extent a plea of double jeopardy is available to the accused in the event of future charges involving similar offenses."  *United States v. Levinson*, 405 F.2d 971, 977 (6th Cir., 1968).  Likewise, as with Count 1, Count 2 presents approximate dates for the duration of the conspiracy which enable Pamatmat to prepare for trial and provide double jeopardy protection against charges for the same conspiracy covering the dates described in the count.

7

## B. Counts 1 and 2 Are Not Duplicitous

Pamatmat asserts that Counts 1 and 2 should be dismissed because they improperly allege multiple conspiracies and are, therefore, impermissibly duplicitous. This argument is without merit.

The Sixth Circuit has explained that:

> An indictment is duplicitous if it joins in a single count two or more distinct and separate offenses. The vice of duplicity is that a jury may find a defendant guilty on the count without having reached a unanimous verdict on the commission of any particular offense. By collapsing separate offenses into a single count, duplicitous indictments prevent the jury from convicting on one offense and acquitting on another. Therefore, duplicitous indictments implicate the protections of the Sixth Amendment guarantee of jury unanimity.

*United States v. Cambell*, 279 F.3d 392, 398 (6th Cir. 2002) (internal quotation marks and citations omitted).

The indictment does not allege multiple conspiracies within the same count. Rather, Count 1 alleges one conspiracy in violation of 21 U.S.C. §§ 841(a)(1), 846, and Count 2 alleges a separate conspiracy in violation of 18 U.S.C. §§ 1347, 1349. Pamatmat appears to being arguing that Count 1 charges multiple conspiracies because it alleges a conspiracy to distribute and possess with intent to distribute multiple controlled substances. (Dkt. # 853, Pg. ID 3693-94.) But "[a] single conspiracy may have as its objective the distribution of two different drugs without rendering it duplicitous." *Campbell*, 279 F.3d at 398 (emphasis and citation omitted).

## IV. CONCLUSION

IT IS ORDERED that Defendant Adelfo Pamatmat's Motion to Dismiss Counts One and Two of Second Superseding Indictment (Dkt. # 853) is DENIED.

                                        s/ Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated: March 31, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 31, 2015, by electronic and/or ordinary mail.

                                        s/Holly Monda for Lisa Wagner
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522