UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           Case No. 11-20551

ADELFO PAMATMAT (D-18),

    Defendant.
                                             /

**OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO SEVER CO-DEFENDANTS AND ALTERNATIVE MOTION FOR DISCLOSURE OF STATEMENTS OF CO-DEFENDANTS**

On March 9, 2015, Defendant Adelfo Pamatmat filed a motion to sever or, in the alternative, for disclosure of statements of co-defendants. (Dkt. # 990, Pg. ID 4601.) Pamatmat's motion centers on post-arrest statements made by Pamatmat and several of his co-defendants. The government has disclosed each of these statements to counsel for the defendant who made the statement, but not to counsel for the other defendants. (Dkt. # 1014, Pg. ID 4994.) Pamatmat argues that *Bruton v. United States*, 391 U.S. 123 (1968) would be implicated if the government were to introduce Pamatmat's co-defendants' post-arrest statements at trial, and, therefore, the court should either sever Pamatmat from his co-defendants or order the government to disclose the co-defendants' post-arrest statements that it intends to use at trial. (Dkt. # 990, Pg. ID 4604.) This matter is fully briefed, and no hearing is needed. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated on the record at the April 8, 2015 hearing on

Pamatmat's Motion to Suppress (Dkt. # 909) and for the reasons stated below, the motion will be denied without prejudice.

Under the *Bruton* doctrine, "the Confrontation Clause is violated by the introduction of an incriminating out-of-court statement by a non-testifying co-defendant, even if the court gives a limiting instruction that the jury may consider the statement only against the co-defendant." *United States v. Ford*, 761 F.3d 641, 652 (6th Cir. 2014) (citing *Bruton*, 391 U.S. at 136-37); *see also United States v. Cope*, 312 F.3d 757, 780 (6th Cir. 2002) ("An accused is deprived of his rights under the Confrontation Clause when the confession of a nontestifying codefendant that implicates the accused is introduced into evidence at their joint trial."). "[W]here a *Bruton* situation exists, the court may protect the non-confessing defendant's Sixth Amendment rights by 1) exclusion of the confession, 2) severance of the trial, or 3) redaction of the confession to avoid mention or obvious implication of the non-confessing defendant." *Stanford v. Parker*, 266 F.3d 442, 456 (6th Cir. 2001).

In its response to Pamatmat's motion, the government stated that it "will disclose the post-arrest statements of each defendant to his or her co-defendants after the final pretrial passes, if they choose not to enter a guilty plea . . . . If there are post-arrest statements that incriminate co-defendants at trial, the problem may be avoided by redacting the statement." (Dkt. # 1014, Pg. ID 4995.) Pamatmat's concerns about his co-defendants' post-arrest statements may be alleviated by the government's disclosure of the statements and potential redactions of those statements. Accordingly, severance at this time is unnecessary. Pamatmat may renew his motion if his *Bruton* concerns

persist after the government has disclosed the statements at issue and the parties have discussed redactions of those statements.

IT IS ORDERED that Defendant's Motion to Sever Co-Defendants and Alternative Motion for Disclosure of Statements of Co-Defendants (Dkt. # 990) is DENIED WITHOUT PREJUDICE.

               s/ Robert H. Cleland  
               ROBERT H. CLELAND  
               UNITED STATES DISTRICT JUDGE

Dated: April 10, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 10, 2015, by electronic and/or ordinary mail.

               S/Lisa Wagner  
               Case Manager and Deputy Clerk  
               (313) 234-5522