**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                              Case No. 11-20551

ADELFO PAMATMAT (D-18),

       Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS**
**BASED ON OUTRAGEOUS GOVERNMENT CONDUCT**

On March 9, 2015, Defendant Adelfo Pamatmat filed a Motion to Dismiss Based

on Outrageous Government Conduct, and to Suppress Any and All Evidence

Uncovered from Such Conduct.  (Dkt. # 989.)  Pamatmat alleges that, as part of the

investigation into Pamatmat and his co-defendants' alleged illegal conduct, Drug

Enforcement Administration ("DEA") agents "willingly and intentionally commit[ted]

criminal acts in an effort to induce and get others to participate in those same criminal

acts."  (*Id.* at 4555.)  He claims that "[t]he conduct of the DEA Agents in their undercover

activities . . . to solicit persons to engage in the illegal participation and distribution of

controlled substances, evidences conduct that is so outrageous and contrary to our

sense of fairness and justice that it cannot be tolerated by the Court."  (*Id.* at 4554-55.)

This matter is fully briefed, and no hearing is needed.  *See* E.D. Mich. LR 7.1(f)(2).  For

the reasons stated on the record at the April 8, 2015 hearing on Pamatmat's Motion to

Suppress (Dkt. # 909) and for the reasons stated below, the motion will be denied.

Pamatmat insists that the DEA violated Pamatmat's due process rights by engaging in the following "outrageous conduct," which "created crime rather than uncovered crime, and as such engineered and directed the criminal enterprise from start to finish" (*Id.* at 4565-66):

> 1) A DEA Agent acting as a Patient Recruiter;
>
> 2) Multiple controlled substance prescriptions and purchases by undercover DEA Agents and confidential informants under the direction and control of DEA Agents;
>
> 3) The DEA justifying searches of potentially hundreds of people based upon a practice that became unlawful once the DEA stated committing it;
>
> 4) The DEA's continuing its own criminal conspiracy with multiple controlled buys of "5" oxycontin prescriptions a-piece that the DEA instigated;
>
> 5) The DEA actually setting up a "meeting," and controlling the alleged conspiracy from start to finish; and
>
> 6) DEA Agents knowingly completing fictitious patient charts, and setting additional crimes up, for the sole purpose of creating new crimes that the DEA intentionally set up, and directed, with its own "CS" and/or "cooperating" defendant.

(*Id.* at 4566-67 (citations omitted).)

In *United States v. Tucker*, 28 F.3d 1420 (6th Cir. 1994), the defendants moved to dismiss an indictment charging them with purchasing and aiding and abetting in the unlawful purchase of food stamps on the ground that "the government's conduct in inducing defendants to commit their crimes was so 'outrageous' that it violated their due process rights." *Id.* at 1421. On appeal, the Sixth Circuit discussed its authority to dismiss an indictment on based on allegedly outrageous conduct of the government. The Sixth Circuit explained, "Any analysis of the so-called 'due process' defense must . . . begin with the law of entrapment." *Id.* at 1422. The court described entrapment as a

"subjective" defense as opposed to the "outrageous conduct' defense which is objective

in nature.  Here, Pamatmat explicitly states in his motion that "this is not an entrapment

case."  (Dkt. # 989, Pg. ID 4565.)

        After rejecting the defendant's entrapment defense, the *Tucker* court addressed

the defendant's "outrageous conduct" defense.  The Sixth Circuit began its analysis by

discussing the dicta from *United States v. Russell*, 411 U.S. 423 (1973) which originated

this defense:

> While we may some day be presented with a situation in which the conduct
> of law enforcement agents is so outrageous that due process principles
> would absolutely bar the government from invoking judicial processes to
> obtain a conviction, *cf. Rochin v. California*, 342 U.S. 165 (1952), the instant
> case is distinctly not of that breed . . . .  The law enforcement conduct here
> stops far short of violating that 'fundamental fairness, shocking to the
> universal sense of justice,' mandated by the Due Process Clause of the Fifth
> Amendment.

*Tucker*, 28 F.3d at 1423 (quoting *Russell*, 411 U.S. at 431-31).

        The Sixth Circuit recognized that, "[s]ince this dicta was uttered, *Russell* has

been cited more than two hundred times as authority for a defense based solely on an

*objective* assessment of the government's conduct."  *Id.*  Meanwhile, Chief Justice

Rehnquist, the author of *Russell*, recanted his *Russell* dicta in *Hampton v. United

States,* 425 U.S. 484 (1976) (plurality), but failed to gain a majority in doing so.  After

reviewing Sixth Circuit and sister circuit precedent, the *Tucker* court expounded on its

concerns about the objective outrageous conduct defense:

> Based on the lack of binding precedent from either the Supreme Court or the
> Sixth Circuit, we are of the view that this panel is not required to recognize
> the "due process" defense.  Moreover, there are three strong reasons for
> concluding that such a defense simply does not exist: (1) government
> conduct which induces a defendant to commit a crime, even if labelled
> "outrageous," does not violate that defendant's constitutional right of due

process; (2) the district court lacked authority to dismiss the indictment for governmental misconduct where no violation of an independent constitutional right has been shown; and (3) continued recognition of this "defense" stands as an invitation to violate the constitutional separation of powers, intruding not only on the province of the Executive Branch but the Legislative Branch as well.

*Tucker*, 28 F.3d at 1426-27.

Ultimately, the *Tucker* court concluded:

[W]e hold that a defendant whose defense sounds in inducement is, by congressional intent and Supreme Court precedent, limited to the defense of entrapment and its key element of predisposition. Defendants may not circumvent this restriction by couching their defense in terms of "due process" or "supervisory powers." Thus, we reject as a matter of law the theory upon which defendants based their motion to dismiss without regard to the particular facts of their case and without reaching the issue of whether or not those facts can properly be characterized as "outrageous."

*Id.* at 1428.

The Sixth Circuit recently reaffirmed that "[t]his court has soundly rejected the 'outrageous government conduct' defense, looking instead to the doctrine of entrapment to assess a defense that sounds in inducement." *United States v. Amawi*, 695 F.3d 457, 483 (6th Cir. 2012); *see also United States v. Blood*, 435 F.3d 612, 629 (6th Cir. 2006) ("We have held that the outrageous government conduct defense is not available where the defense is based either on a theory of government inducement, or on a theory that the undercover officer's involvement in creating [the] crime was so significant that criminal prosecution violates due process." (internal quotation marks and citations omitted)). Accordingly, Pamatmat's motion is without merit, and it will be denied.

4

IT IS ORDERED that Defendant Adelfo Pamatmat's Motion to Dismiss

Based on Outrageous Government Conduct (Dkt. # 989) is DENIED.

s/ Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  April 10, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 10, 2015, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522