UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.     Case No. 11-20551

DR. ADELFO PAMATMAT, M.D. (D-18),

    Defendant.
                                   /

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL**

On July 2, 2015, a jury of his peers found Defendant Dr. Adelfo Pamatmat guilty of conspiracy to distribute controlled substances and health care fraud conspiracy. (Dkt. # 1160, Pg. ID 8142-43.) Now before the court is Pamatmat's Motion for New Trial which raises eight grounds for granting a new trial. (Dkt. # 1180) For the reasons stated below, the court will deny Pamatmat's motion.

**I. BACKGROUND**

Pamatmat filed certain pretrial motions which, along with the trial proceedings, provide the bases for the instant motion for a new trial. First, on September 10, 2014, Pamatmat moved to dismiss his indictment on the ground that the two conspiracy counts against him failed to inform him of the specific acts that he performed in furtherance of the conspiracy, with whom he conspired to commit the acts, and the lengths of time Pamatmat engaged in the conspiracy, and on the ground that the counts charged multiple conspiracies and were duplicative. (Dkt. # 853, Pg. ID 3684-85.) The court denied the motion, concluding that the indictment adequately informed Pamatmat

of the charges against him and finding that the two conspiracy counts were not duplicative. (Dkt. # 1022.)

Second, on December 29, 2014, Pamatmat filed a Motion to Suppress Alleged Inculpatory Statements, in which Pamatmat requested that the court suppress (1) alleged inculpatory statements made by Pamatmat and (2) an Application to Intercept Wire and Electronic Communications, Drug Enforcement Administration ("DEA") Agent Swain's Affidavit filed in support of the application, and any evidence uncovered as a result of the wiretap sought through the application. (Dkt. # 909, Pg. ID 4067.) Following an April 8, 2015 evidentiary hearing regarding the motion to suppress, the court entered an order denying Pamatmat's Motion to Suppress. (Dkt. # 1031.) In the order, the court stated:

> [T]he court finds the three testifying DEA agents credible and finds Pamatmat not credible. The agents corroborated each others' testimony, and their description of events provides the most likely explanation for how the DEA acquired the information related to Pamatmat contained in the DEA's December 6, 2010 Report of Investigation. (Gov't Ex. 1, Hr'g, Apr. 8, 2015.) Meanwhile, Pamatmat's testimony and affidavit are inconsistent . . . . Accordingly, the court finds that Pamatmat's alleged inculpatory statements are supported by a preponderance of the evidence. The court also finds, by a preponderance of the evidence, that Pamatmat waived his *Miranda* rights prior to making the inculpatory statements and that the statements were made voluntarily.

(*Id.* at # 5109.)

Over a month after the court denied Pamatmat's Motion to Dismiss the Indictment, on May 4, 2015, Pamatmat filed an untimely "emergency" motion attacking as perjury the presentation of evidence by DEA Task Force Officer Patrick DeBottis in the course of his grand jury testimony. (Dkt. # 1060.) The court denied the emergency motion, observing that "Pamatmat's motion struts and frets, and is replete with furious

and inflammatory accusations, but is sadly devoid of an explanation as to how the subject testimony is even incorrect, let alone how it constitutes intentionally misleading perjury." (Dkt. # 1066, Pg. ID 5620.)

Jury selection for Pamatmat's trial began on May 20, 2015. A verdict was delivered by the jury on July 2, 2015 convicting Pamatmat of conspiracy to distribute controlled substances and health care fraud conspiracy. (Dkt. # 1160, Pg. ID 8142-43.) The instant motion followed.

## II. STANDARD

Pursuant to Federal Rules of Criminal Procedure Rule 33, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment." Fed. R. Crim. P. 33(a). "[I]t is widely agreed that Rule 33's 'interest of justice' standard allows the grant of a new trial where substantial legal error has occurred." *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010).

## III. DISCUSSION

Pamatmat alleges that a new trial is necessary because the court erred by (1) failing to grant a hearing on Pamatmat's Motion to Dismiss the Indictment, (2) applying an erroneous standard of law in deciding the Motion to Dismiss the Indictment, (3) showing bias and partiality during an April 8, 2015 pretrial evidentiary hearing, (4) applying an erroneous standard of law in denying Pamatmat's Motion to Suppress, (5) failing to address certain "4th Amendment abuses" in Pamatmat's Motion to Suppress, (6) failing to address Defendant's emergency motion, (7) "interfer[ing] with Defendant's

right to cross-examination of a prosecution witness" and "show[ing] bias and partiality against defense counsel throughout trial," and (8) allowing an "inflammatory" closing rebuttal by the government which "misstated facts." (*Id.*) Pamatmat's arguments are without merit. Each argument will be addressed in turn.

First, Pamatmat argues that the court violated Federal Rules of Criminal Procedure Rule 12(d) and (f) by improperly failing to grant a hearing on Pamatmat's motion to dismiss the indictment. (Dkt. # 1180, Pg. ID 8558.) Neither Rule 12(d) nor Rule 12(f) requires a district court to hold a hearing to resolve a pretrial motion. *See* Fed. R. Crim. P. 12(d) ("The court must decide every pretrial motion before trial unless it finds good cause to defer a ruling. The court must not defer ruling on a pretrial motion if the deferral will adversely affect a party's right to appeal. When factual issues are involved in deciding a motion, the court must state its essential findings on the record."); Fed. R. Crim. P. 12(f) ("All proceedings at a motion hearing, including any findings of fact and conclusions of law made orally by the court, must be recorded by a court reporter or a suitable recording device."). Furthermore, Rule 12(c)(1) provides that a court "*may . . .* schedule a [pretrial] motion hearing," but it in no way compels the court to hold a hearing to resolve pretrial motions. Fed. R. Crim. P. 12(c) (emphasis added). Likewise, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the court has authority to rule on motions without holding a hearing. In light of Federal Rule of Criminal Procedure 12(c), Local Rule 7.1(f)(2), and the reasons set forth for denying Pamtmat's motion in the March 31, 2015 order, the district court did not err in denying Pamatmat's motion without a hearing. The court finds Pamatmat's first argument unmeritorious.

Second, Pamatmat insists that the district court applied an erroneous standard of law in denying his motion to dismiss the indictment. (Dkt. # 1180, Pg. ID 8561.) In particular, Pamatmat states that the court erred by deciding his motion under "FRCP 7.1(c)(1)." (*Id.*) The order dismissing Pamatmat's motion cites to Federal Rule of Criminal Procedure Rule 7(c)(1) for the proposition that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Pamatmat has not provided any basis for finding the court's citation to Rule 7(c)(1) erroneous. The court, therefore, finds this argument to be baseless.

Third, Pamatmat argues that the court "showed bias and partiality towards defense counsel, and defendant, during the evidentiary hearing for defendant's motion to suppress alleged inculpatory statements held on April 8, 2015" by (a) admonishing Defendant's counsel during the hearing; (b) by independently asking Pamatmat questions during the hearing; and (c) interrupting the evidentiary hearing to hold a hearing for one of Pamatmat's co-defendants. (Dkt. # 1180, Pg. ID 8561.) Pamatmat first points to an exchange that occurred during the government's cross-examination of Pamatmat. The government asked Pamatmat whether he had refused to tell a DEA agent his cell phone number or whether he told the agent his cell phone number. (*See* Doc #1077, Pg ID 5861 ("All you're denying is that you're saying you refused to tell him what your cell phone number was or did you tell him your cell phone number at the time?").) Pamatmat answered that he did not remember. Pamatmat's counsel then interjected, "Your Honor, again, I'm going to object. That, that cell phone number was tracked by DEA agents from September 9, 2010 all the way to 8/21/2011." (*Id.*) The court asked about the basis for the objection, and Pamatmat's counsel responded, "The

basis is the Government knew of that cell phone number before they inquired of the doctor of the cell phone." (*Id.* at 5862.) The court then informed counsel:

> That doesn't state a basis for an evidentiary objection. It does, however, Mr. Landau, I note, provide proffered answers for the possible benefit of the witness who is being cross-examined. And if, and if, and I will tell you, Mr. Landau, if that sort of thing were to happen in front of a jury, the lawyer proffering those coaching-type comments to his witness who is being cross-examined would be sanctioned.
> . . .
> And would be very embarrassed in front of the jury. That's what would happen. Just bear that in mind. I don't know what goes on in state court, I don't know where your experience lies, but that kind of coaching is very risky. Very risky indeed. Understood?

(*Id.*)

This exchange does not demonstrate any bias or impartiality on behalf of the court. Pamatmat's counsel did not state a basis for an objection, but rather appears to have attempted to feed his client testimony during the government's cross-examination. The Supreme Court has held:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible . . . . Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune.

6

*Liteky v. United States*, 510 U.S. 540, 555-556 (1994).

Here, the court's statements to counsel were an effort at courtroom administration with the goal of preventing improper commentary from counsel in front of the jury at trial.  The comments were in direct response to counsel's improper courtroom behavior and in no way reflected a "deep-seated favoritism or antagonism that would make fair judgment impossible."  *Id.* at 555.

Pamatmat also argues that the court demonstrated bias and partiality when it examined Pamatmat during the April 8, 2015 evidentiary hearing.  Pamtmat's argument is wholly baseless.  The Federal Rules of Evidence provide that "[t]he court may examine a witness regardless of who calls the witness." Fed. R. Civ. P. 614(b).  The court asked Pamatmat questions to clarify his testimony, as is permitted under the Federal Rules of Evidence.

Pamatmat also notes that the court scheduled a separate hearing for one of Pamatmat's co-defendants, who later testified at his trial, on the same day as Pamatmat's evidentiary hearing. He also notes that the court recessed Pamatmat's long evidentiary hearing in order to conduct the hearing.  The court is at a loss to understand, and Pamatmat does not explain, how the decision to pause his evidentiary hearing in order to handle a previously-scheduled separate hearing for a co-defendant in any way demonstrated bias or prejudice or substantively impacted Pamatmat's hearing in any way.  The court maintains an active docket, and it is common to pause lengthier proceedings in order to quickly handle less complicated matters.  Such decisions are within the discretion of the court to efficiently handle its docket, particularly on days where a surprisingly slow-moving matter is requiring attorneys in other

proceedings to sit with the meter running while unnecessarily waiting for their comparatively short matter to be called. Pamatmat's challenge to this routine procedure is rejected.

Fourth, Pamatmat argues that the court should grant Pamatmat a new trial because it erred in denying Pamatmat's Motion to Suppress Alleged Inculpatory Statements in its April 9, 2015 order. (Dkt. # 1031.) Pamatmat asserts that the court "was guided by an erroneous standard of law." (Dkt. # 1180, Pg. ID 8566.) Pamatmat appears to attempt to reargue that the inculpatory statements at issue in the motion to suppress should have been suppressed. For the same reasons stated in the April 9, 2015 order, the court finds that Pamatmat's motion to suppress was properly denied. (*See* Dkt. # 1031.)

Fifth, Pamatmat again attacks the court's April 9, 2015 order denying Plaintiff's motion to suppress, claiming that the court erred by failing to address Pamatmat's argument that the Drug Enforcement Administration ("DEA") violated the Fourth Amendment by searching "Pamatmat's cell phone[] and/or call logs." (Dkt. # 1180, Pg. ID 8566.) Pamatmat is incorrect. The order states, "The fact that the affidavit [supporting the DEA's application to intercept wire and electronic communications] may have omitted discussion of an alleged search of Pamatmat's cell phone or call logs and Pamatmat's and his girlfriend's usage of a telephone number that was subscribed to Pamatmat were not critical for a finding of probable cause." (Dkt. # 1031, Pg. ID 5111.) This fifth argument is based on a faulty premise and is rejected.

Likewise, Pamatmat claims in his sixth argument that the court failed to address his Emergency Motion to Dismiss the Indictment (Dkt. # 1060.) The court did, in fact,


address the motion and denied it in a May 7, 2015 order. (Dkt. # 1066.) Pamatmat also complains that he was not granted a hearing for the motion. As explained above, a court is not required to hold a hearing to resolve a pre-trial motion. A hearing was not necessary to resolve the emergency motion for the reasons stated in the May 7, 2015 order. (Dkt. # 1066.)

Seventh, Pamatmat asserts that the court abused its discretion and violated his right to a fair trial by "improperly show[ing] partiality towards the prosecution" and "interfering with defendant's right to cross-examination of a prosecution witness." (Dkt. # 1180, Pg. ID 8573.) In particular, Pamatmat laments that "the Court sustained nearly every objection raised by the prosecution during trial, yet overruled nearly every defense objection during trial." (*Id.* at 8574.)

As stated above, the Supreme Court has held that, "[a] judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune." *Liteky v. United States*, 510 U.S. at 556. During the trial, Pamatmat's counsel frequently interrupted the court and witnesses, asked witnesses repetitive questions, regularly proffered "speaking" objections, and made extraneous comments and facial expressions in front of the jury, all in violation of the court's rules and specific instructions to counsel. (*See, e.g.,* Jury Trial, Vol. III 26-79.) In order to maintain courtroom civility and to proceed with ordinary administration of a trial, the court periodically advised Pamatmat's counsel, as well as the other attorneys, about the rules governing criminal proceedings in the Eastern District of Michigan, how to ask a witness a proper question, how to properly introduce evidence, and the importance of not interrupting other attorneys, witnesses, or the court. (*See,*

*e.g.*, *id.* at 60.)  Likewise, Pamatmat's contention that the court improperly interfered with his cross-examination is unfounded.  "[A] trial court has discretion to limit the scope of cross-examination.  This includes discretion to impose limits based on concerns about harassment, prejudice, confusion of the issues, witness safety, or interrogation that is repetitive or only marginally relevant."  *Boggs v. Collins*, 226 F.3d 728, 736 (6th Cir. 2000).  When Pamatmat's counsel repeatedly asked the same questions to witnesses after the witnesses had already answered those questions, the court used its discretion to prevent Pamatmat's counsel from continuing to harass the witnesses and solicit answers which had already been provided multiple times.  Furthermore, the court ruled on objections from each party based on the merits of the asserted objections.  Pamatmat's claims of bias, partiality, and interference with cross-examination are baseless, and his general attack on the court's rulings on objections are frivolous.

     Last, Pamatmat argues that the government's closing rebuttal argument was improper.  In particular, Pamatmat asserts that the government's rhetorical statement, "thou dost protest to[o] much" was improper and that the government misstated facts.  (Dkt. # 1180, Pg. ID 8576.)  Pamatmat has not explained which facts were misstated by the government or how the government's rhetorical device in the closing rendered the trial unfair.

     In sum, Pamatmat's kitchen-sink motion for a new trial is entirely unsupported by fact and law.  He has not established that the interest of justice require the court to grant him a new trial.  The motion is wholly devoid* of merit.  It will be wholly denied.

### III. CONCLUSION

IT IS ORDERED THAT Plaintiff's Motion for a New Trial (Dkt. # 1180) is DENIED.

    s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  September 4, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 4, 2015, by electronic and/or ordinary mail.

    s/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522